FREDERICK J. SCHAFNACHER v. GRAY BUS LINE, INCOR-PORATED, AND PUBLIC SERVICE RAILWAY COMPANY.

Decided November 24, 1926.

**Negligence—Injury to Passenger of Motor Bus in Collision With Trolley Car—Verdict in Favor of Trolley Company and Against Bus Company For $11,000—Facts Considered, and Award Held Excessive—Reduced to $7,000 or New Trial Ordered.**

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *Freeman Woodbridge.*

*Contra, Charles A. Rooney.*

PER CURIAM.

The action was tried in the Middlesex Circuit before the court and jury, where a verdict was rendered in favor of the defendant Public Service Railway Company, and against the Gray Bus Line, Inc., for $11,400, which then obtained this rule.

The plaintiff was riding as a passenger in a bus of the Gray Bus Line, Inc., on the right side of the road. In order to avoid a pile of sand in the road, the bus was swerved to the left on a single line of trolley tracks, located in the middle of the road, and then proceeded to return to the right of the road, and had about cleared the tracks when the rear end of the bus came in collision with a trolley car, approaching from the opposite direction. The collision took place about midnight, upon a stormy night. There was evidence that the trolley car had come to a complete stop, but, apparently, owing to weather conditions, had been drifting on the tracks when, due to the sudden turning of the bus, the collision occurred. It is urged that the Gray Bus Line, Inc., was not negligent under the circumstances, but that, manifestly, under the settled rule, presented a jury question.

It is finally argued that the damages are excessive. The plaintiff, twenty-four years of age, was employed as a clerk at the monthly wage of $116.70, and received a weekly income of $35 as a baseball pitcher. He received severe injuries which are recounted *seriatim* in the testimony, from the effect of some of which he has not yet recovered. He has expended in an effort to be cured over $1,000, and has lost, from inability to work, over a similar sum. The verdict thus represents about $9,000 for his pain and suffering and inability to labor.

Our review of the testimony leads us to conclude that the verdict is excessive, and that it should be reduced to the sum of $7,000. If the plaintiff will agree to accept that sum in satisfaction of the verdict, the rule will be discharged; if he decline so to do the rule will be made absolute upon the question of damages only.